■ In the Matter of DEATRUS AMIR D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ASTORIA D., Appellant. (Proceeding No. 1.) In the Matter of DEATRUS AMARI D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ASTORIA D., Appellant. (Proceeding No. 2.) In the Matter of DEATRUS C.D., Respondent, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, and ASTORIA D., Appellant. (Proceeding No. 3.) [26 NYS3d 143]—

Appeals from (1) an order of fact-finding of the Family Court, Queens County (Barbara Salinitro, J.), dated August 21, 2013, (2) an order of disposition of that court dated June 5, 2014, and (3) an order of that court also dated June 5, 2014. The order of fact-finding, after a fact-finding hearing, found that the mother abused the child Deatrus Amir D. and derivatively abused the child Deatrus Amari D. The order of disposition, after a dispositional hearing, released the children to the custody of the nonrespondent father. The order dated June 5, 2014, insofar as appealed from, granted that branch of the father's petition which was to modify a prior order of that court so as to award him sole legal and residential custody of Deatrus Amari D. and, in effect, denied the mother's application for a schedule of visitation with both children without prejudice to the mother bringing a petition for such relief.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 5, 2014, is affirmed insofar as appealed from, without costs or disbursements.

These appeals concern proceedings in the Family Court involving the mother's children Deatrus Amir D. and Deatrus Amari D. (hereinafter Amir and Amari respectively). In related Family Court Act article 10 child protective proceedings, the Administration for Children's Services (hereinafter the ACS) alleged that the mother had abused Amir and derivatively abused Amari. The Family Court found that the ACS had met its burden of establishing abuse and derivative abuse and released the children to the custody of the nonrespondent father. In a custody proceeding, the father petitioned for modification of a prior order of the Family Court, which, on consent, had given the parents joint legal custody of the children with residential custody to the mother. The father sought modification to give him full custody of both children. The Family Court granted the father's petition and, in effect, denied the mother's application for a schedule of visitation with the children, but without prejudice to the mother bringing a petition for such relief. The mother limits her appeal from the order on the father's petition to its custody determination as to Amari D., but she contends that the court improvidently exercised its discretion in denying her application for a visitation schedule with respect to both children.

The petitioner in a child protective proceeding has the burden of proving abuse by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Victoria P. [Victor P.], 121 AD3d 1006, 1006 [2014]; Matter of Alexis S.G. [Shanese B.], 107 AD3d 799, 799 [2013]). A child's out-of-court statements may provide the basis for a finding of abuse if the statements are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 123 [1987]; Matter of Nicole G. [Louis G.], 105 AD3d 956, 956 [2013]). The Family Court has considerable discretion in determining whether a child's out-of-court statements have been sufficiently corroborated (see Matter of Nicole G. [Louis G.], 105 AD3d at 956), and its findings must be accorded defer-

ence on appeal where the issue is primarily one of credibility of the witnesses (*see Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744, 745 [2012]). Moreover, a finding of derivative abuse is warranted where the abuse of one child is so closely connected with the care of another child as to indicate that the second child is equally at risk (*see Matter of Marino S.*, 100 NY2d 361, 374 [2003]).

Here, the record supports the Family Court's determinations that the mother abused Amir and derivatively abused Amari. Among the corroborating evidence was eyewitness testimony as to the mother's physical abuse of Amir and photographs of his injuries (*Matter of Josue M. [Pascaul A.]*, 101 AD3d 1012, 1013 [2012]). Additionally, the court's credibility determinations are supported by the record (*see Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 926 [2015]). Furthermore, the evidence of the mother's conduct toward Amir, often in the presence of Amari, demonstrated a fundamental defect in her understanding of the duties of parenthood, such that the Family Court properly found that the mother had derivatively abused Amari (*see Matter of Amirah L. [Candice J.]*, 118 AD3d 795, 796 [2014]).

The Family Court did not improvidently exercise its discretion in granting that branch of the father's petition which was to modify the prior order of custody as to Amari. The evidence that the mother abused Amir and derivatively abused Amari, as well as the mother's lack of insight into her conduct, provided a sound and substantial basis in the record supporting the court's determination that a change in circumstances required modification of the prior order to protect the best interest of Amari (*see Matter of Moore v Gonzalez*, 134 AD3d 718 [2015]; *Matter of Angelina L.C. [Michael C.—Patricia H.-C.]*, 110 AD3d 793, 795-796 [2013]; *cf. Matter of Ellis v Burke*, 108 AD3d 764, 765 [2013]).

The Family Court did not improvidently exercise its discretion in declining to set a schedule for the mother's visitation with the children. Under the circumstances, including the father's demonstrated commitment to maintaining the relationship between the children and their mother, a specific schedule was unnecessary. In any event, the court did not preclude the mother from commencing an appropriate proceeding for a schedule of visitation should it be necessary in the future (*cf. Matter of Jacob P. [Sasha R.]*, 107 AD3d 719, 720 [2013]).

The mother's remaining contentions are without merit. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.