■ In the Matter of D.M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALI T., Appellant. [32 NYS3d 170]—

Appeals from (1) a decision of the Family Court, Suffolk County (David Freundlich, J.), dated May 11, 2015, and (2) an order of fact-finding and disposition of that court, also dated May 11, 2015. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father abused the subject child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

In September 2014, the subject child, then 10 years old, told a police officer, who was also a school resource officer teaching a course at her school, that her father had been engaging in sexual conduct with her for the past five or six years. Following a hearing, at which a member of the child's household testified that she had witnessed the abuse on one occasion, the Family Court determined that the petitioner established, by a preponderance of the evidence, that the father had abused the child by subjecting her to sexual conduct as defined in article 130 of the Penal Law (*see* Family Ct Act § 1012 [e] [iii]). The father appeals.

The petitioner in a child protective proceeding has the

burden of proving abuse by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Victoria P. [Victor P.]*, 121 AD3d 1006, 1006 [2014]; *Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799, 799 [2013]). A child's out-of-court statements may provide the basis for a finding of abuse if the statements are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 123 [1987]; *Matter of Deatrus Amir D. [Astoria D.]*, 136 AD3d 900, 901 [2016]; *Matter of Nicole G. [Louis G.]*, 105 AD3d 956, 956 [2013]). The Family Court has considerable discretion in determining whether a child's out-of-court statements have been sufficiently corroborated (*see Matter of Nicole G. [Louis G.]*, 105 AD3d at 956), and its findings must be accorded deference on appeal where the issue is primarily one of credibility of the witnesses (*see Matter of Deatrus Amir D. [Astoria D.]*, 136 AD3d at 901-902; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744, 745 [2012]).

Here, the record supports the Family Court's determination that the father abused the child, where the petitioner presented the testimony of an eyewitness to the abuse to corroborate the child's out-of-court statements (*see Matter of Deatrus Amir D. [Astoria D.]*, 136 AD3d at 902). The court's credibility determinations are supported by the record (*see id.*; *Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 926 [2015]). Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.