In the Matter of AGAM B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JANNA W., Appellant. [38 NYS3d 591]—

Appeals by the mother from (1) an order of disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated August 12, 2014, (2) a permanency hearing order of that court, also dated August 12, 2014, and (3) a permanency hearing order of that court dated February 5, 2015. The order of disposition, upon an order of fact-finding of that court dated January 11, 2013, finding that the mother neglected the subject child, placed the subject child in the custody of the Commissioner of Social Services of Queens County. The permanency hearing order dated August 12, 2014, directed the continuation of that placement through the completion of the next permanency hearing. The permanency hearing order dated February 5, 2015, continued that placement through the completion of the next permanency hearing. The appeal from the order of disposition brings up for review the order of fact-finding.

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of Queens County through the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the permanency hearing order dated August 12, 2014, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the permanency hearing order dated February 5, 2015, is affirmed, without costs or disbursements.

The appeal from so much of the order of disposition as placed

the subject child in the custody of the Commissioner of Social Services of Queens County through the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (*see Matter of Grayson J. [Sharon H.]*, 119 AD3d 575, 576 [2014]; *Matter of Diamonte O. [Tiffany R.]*, 116 AD3d 866 [2014]). For the same reason, the appeal from the permanency hearing order dated August 12, 2014, also must be dismissed.

The appeal from the portion of the order of disposition which brings up for review the finding that the mother neglected the child is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (*see Matter of Grayson J. [Sharon H.]*, 119 AD3d at 576; *Matter of Diamonte O. [Tiffany R.]*, 116 AD3d 866 [2014]).

Family Court Act § 1012 (f), in pertinent part, defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care . . . in supplying the child with adequate food, clothing, shelter or education . . . or medical, dental, optometrical or surgical care, though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012 [f] [i] [A]).

Here, the petitioner met its burden of establishing that the mother medically and educationally neglected the child (*see* Family Ct Act § 1046 [b] [i]; *see generally Matter of Kiamal E. [Kim R.]*, 139 AD3d 1062 [2016]). The evidence at the fact-finding hearing established that the mother, inter alia, failed to timely seek appropriate psychiatric treatment for the child, gave him prescription psychotropic medication that had not been prescribed to him by a doctor, and failed to enroll him in any school or home-school program or to seek out services for him through the Department of Education Committee for Special Education (*see Matter of Joyitha M. [Reshmi M.]*, 121 AD3d 900, 901 [2014]). Accordingly, the Family Court properly determined that the child was neglected.

The mother's remaining contentions are without merit. Rivera, J.P., Leventhal, Maltese and Connolly, JJ., concur.