■ In the Matter of CODY W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD L., Appellant. (Proceeding No. 1.) In the Matter of RONELL L.L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD L., Appellant. (Proceeding No. 2.) In the Matter of RONIYAH L.L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD L., Appellant. (Proceeding No. 3.) [49 NYS3d 509]—

Appeals by the father from two orders of fact-finding and disposition and two orders of protection of the Family Court, Suffolk County (Richard Hoffman, J.), all dated November 5, 2015. The orders of fact-finding and disposition, insofar as appealed from, after a hearing, determined that the father neglected the subject children and, among other things, placed the child Cody W. in the custody of the Suffolk County Department of Social Services until the completion of the next permanency hearing and released the children Ronell L.L. and Roniyah L.L. to their mother under the supervision of the Suffolk County Department of Social Services for a period of one year. The orders of protection, one issued on behalf of the child Cody W. and the other issued on behalf of the children Ronell L.L. and Roniyah L.L., ordered the father to refrain from using illicit drugs and alcohol, to refrain from misusing prescription drugs, and to refrain from any acts of domestic violence and physical violence for a period of one year.

Ordered that the appeals from so much of the first order of fact-finding and disposition as placed the child Cody W. in the custody of the Suffolk County Department of Social Services until the completion of the next permanency hearing, and so much of the second order of fact-finding and disposition as released the children Ronell L.L and Roniyah L.L. to their

mother under the supervision of the Suffolk County Department of Social Services for a period of one year are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the orders of protection are affirmed, without costs or disbursements.

The appeals from so much of the first order of fact-finding and disposition as placed the subject child Cody W. in the custody of the Suffolk County Department of Social Services until the completion of the next permanency hearing, and so much of the second order of fact-finding and disposition as released the subject children Ronell L.L and Roniyah L.L. to their mother under the supervision of the Suffolk County Department of Social Services for a period of one year must be dismissed as academic, as the periods of placement and release, respectively, have expired (see Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077, 1077 [2015]; Matter of Kaleb B. [Harold S.], 119 AD3d 780, 780 [2014]). The adjudication of neglect, however, constitutes a permanent and significant stigma which might indirectly affect the status of the father in potential future proceedings, and, thus, the appeals from so much of the two orders of fact-finding and disposition as determined that the children were neglected are not academic (see Matter of Kaleb B. [Harold S.], 119 AD3d at 780-781).

Although the orders of protection have expired by their own terms, the appeals from the orders of protection have not been rendered academic "given the totality of the enduring legal and reputational consequences" of the orders of protection (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673 [2015]).

In order to establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act §§ 1012 [f] [i]; 1046 [b]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). To satisfy this standard, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are properly corroborated (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 117-118 [1987]; Matter of Mateo S. [Robin Marie Y.], 118 AD3d 891, 892 [2014]). The Family Court

has considerable discretion in deciding whether out-of-court statements made by children have been reliably corroborated and whether the record as a whole supports a finding of abuse or neglect (*see Matter of Nicole V.*, 71 NY2d at 119; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]).

Here, contrary to the father's contention, a preponderance of the evidence supports the Family Court's finding that the father neglected the subject children by misusing marijuana and by committing an act of domestic violence in their presence. The record demonstrated that the father was previously adjudicated to have neglected the children based on substance abuse and that the father submitted to a toxicology screening and tested positive for marijuana. This evidence was sufficient to corroborate the out-of-court statements of the children Cody W. and Ronell L.L., which established that the father smoked "weed" about once per week in the presence of Cody W. and Ronell L.L. and, on one occasion the child Cody W., then 7 years old, found remnants of the father's marijuana in an ashtray and tried to smoke it (*see Matter of Era O. [Emmanuel O.]*, 145 AD3d 895 [2016]; *Matter of Paul J.*, 6 AD3d 709, 710 [2004]; *cf. Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 687 [2014]). The evidence further demonstrated that the father neglected the children by committing domestic violence in the presence of the children Roniyah L.L. and Ronell L.L. (*see Matter of Mohammed J. [Mohammed Z.]*, 121 AD3d 994, 995 [2014]; *Matter of Niyah E. [Edwin E.]*, 71 AD3d 532 [2010]; *Matter of Andrew S.*, 43 AD3d 1170, 1171 [2007]; *Matter of Cybill V.*, 279 AD2d 582, 582-583 [2001]; *Matter of Jeremiah M.*, 290 AD2d 450 [2002]; *cf. Matter of Daphne G.*, 308 AD2d 132, 135 [2003]). Specifically, during an argument with the children's mother, the father threw a stone object into the mother's car windshield, shattering the glass. The children Roniyah L.L., then three years old, and Ronell L.L., then five years old, were present and standing between the father and the mother at the time of the incident.

The father's remaining contentions are without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.