■ In the Matter of AMORIA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHARON M.M., Appellant, et al., Respondent. [62 NYS3d 542]—

Appeal by the mother from an order of disposition of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated September 13, 2016. The order of disposition, upon a finding that the mother neglected the subject child, made after a fact-finding hearing, inter alia, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, which was scheduled for December 1, 2016, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner commenced this proceeding alleging, inter alia, that the mother had neglected the subject child. After making a finding of neglect against the mother, in an order of disposition dated September 13, 2016, the Family Court, inter alia, placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The mother appeals from the order of disposition.

The appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing, which was scheduled for December 1, 2016, must be dismissed as academic, as that part of the order has already expired (*see Matter of Harmony H. [Welton H.]*, 148 AD3d 1019, 1020 [2017]; *Matter of Agam B. [Janna W.]*, 143 AD3d 702, 703 [2016]). However, the appeal from the portion of the order which brings up for review the finding that the mother neglected the child is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (*see Matter of Agam B. [Janna W.]*, 143 AD3d at 703; *Matter of Grayson J. [Sharon H.]*, 119 AD3d 575, 576 [2014]).

" '[T]o establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or

is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (*Matter of Harmony H. [Welton H.]*, 148 AD3d at 1020, quoting *Matter of Era O. [Emmanuel O.]*, 145 AD3d 895, 897 [2016]). A petitioner may rely upon a child's prior out-of-court statements to satisfy this burden, provided that they are properly corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Tarelle J. [Walter J.]*, 152 AD3d 593 [2017]). " 'Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect' " (*Matter of Paul M. [Tina H.]*, 146 AD3d 961, 962 [2017], quoting *Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]). "Even 'a single incident of excessive corporal punishment is sufficient to support a finding of neglect' " (*Matter of Tarelle J. [Walter J.]*, 152 AD3d at 595, quoting *Matter of Eliora B. [Kennedy B.]*, 146 AD3d 772, 773 [2017]; *see Matter of Za'Niya D. [Kenneth R.]*, 133 AD3d 657 [2015]; *Matter of Jallah J. [George J.]*, 118 AD3d 1000, 1001 [2014]). The Family Court has considerable discretion in deciding whether out-of-court statements made by children have been reliably corroborated and whether the record as a whole supports a finding of neglect (*see Matter of Cody W. [Ronald L.]*, 148 AD3d 914, 915-916 [2017]; *Matter of Douglas L. [Cheyanne J.]*, 147 AD3d 840, 841 [2017]).

Here, a preponderance of the evidence supported the Family Court's finding that the mother neglected the subject child by inflicting excessive corporal punishment on her (*see Matter of Imaani A. [Rafiyq A.]*, 150 AD3d 845, 846 [2017]; *Matter of Douglas L. [Cheyanne J.]*, 147 AD3d at 841). Contrary to the mother's contention, the child's out-of-court statements were sufficiently corroborated by the caseworker's hearing testimony regarding her observations of the child, as well as the child's medical records (*see Matter of Paul M. [Tina H.]*, 146 AD3d at 963; *Matter of Joshua B.*, 28 AD3d 759, 760 [2006]; *Matter of Rico D.*, 19 AD3d 416 [2005]). Additionally, the Family Court providently exercised its discretion in drawing a negative inference from the mother's failure to testify (*see Matter of Jemima M. [Aura M.]*, 151 AD3d 862 [2017]). Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.