Matter of Elisa V. (Hung V.) (2018 NY Slip Op 01610)





Matter of Elisa V. (Hung V.)


2018 NY Slip Op 01610


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-09892
 (Docket Nos. N-10252-16, N-10253-16, N-10254-16, N-10255-16)

[*1]In the Matter of Elisa. (Anonymous), appellant. Administration for Children's Services, petitioner- respondent; Hung V. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Andy V. (Anonymous). Administration for Children's Services, petitioner; Hung V. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Joanne V. (Anonymous), appellant. Administration for Children's Services, petitioner- respondent; Hung V. (Anonymous), respondent. (Proceeding No. 3)
In the Matter of Justin V. (Anonymous). Administration for Children's Services, petitioner; Hung V. (Anonymous), respondent. (Proceeding No. 4)


Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Riti P. Singh of counsel), attorney for the appellants, the children Elisa V. and Joanne V.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and John Moore of counsel), for petitioner-respondent.
Francine Shraga, Brooklyn, NY, for respondent.
Maricel Gonzalez, Jamaica, NY, attorney for the children Justin V. and Andy V.



DECISION & ORDER
Appeal from an order of fact-finding of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated August 31, 2016. The order, insofar as appealed from, after a hearing, found that the father neglected the children Joanne V. and Elisa V.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article [*2]10, alleging that the father neglected the children Joanne V., who was then 17 years old, and Elisa V., who was then 15 years old, by inflicting excessive corporal punishment on them, and derivatively neglected the children Justin V. and Andy V. On May 25, 2016, Joanne and Elisa reported to their guidance counselor at school, an Administration for Children's Services caseworker, and police, that the father had beat them with a softball bat the previous evening because Elisa had refused to give him access to her cell phone and laptop after their nonrespondent mother had found flyers about STD testing in their bedroom. Joanne later recanted her allegations, and testified at the fact-finding hearing that she and Elisa had hit each other with the softball bat and then blamed the father because he did not permit them to sleep over at their friends' homes. The father and Elisa did not testify. By order of fact-finding entered September 14, 2016, the Family Court found that the father had neglected Joanne and Elisa by inflicting excessive corporal punishment on them, and derivatively neglected Justin and Andy. Joanne and Elisa appeal from so much of the order as found that the father neglected them.
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i]; 1046[b]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). " Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect'" (Matter of Amoria S. [Sharon M.M.], 155 AD3d 629, 630, quoting Matter of Paul M. [Tina H.], 146 AD3d 961, 962; see Matter of Jaivon J. [Patricia D.], 148 AD3d 890). A single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Amoria S. [Sharon M.M.], 155 AD3d 629; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595; Matter of Eliora B. [Kennedy B.], 146 AD3d 772; Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897; Matter of Dalia G. [Frank B.], 128 AD3d 821, 823; Matter of Nurridin B. [Louis J.], 116 AD3d 770).
Here, the Family Court properly determined that the petitioner had established by a preponderance of the evidence that the father neglected the children Joanne and Elisa by inflicting excessive corporal punishment on them (see Family Ct Act § 1012[f]; Matter of Brianna M. [Corbert G.], 152 AD3d 600). The finding of neglect was supported by the testimony of the caseworker relaying Joanne's and Elisa's account of the incident, photographic and medical evidence documenting their injuries, and the testimony of the caseworker and a police detective that the father had admitted to hitting Joanne and Elisa with the softball bat, explaining that he had done so because Elisa would not provide the password to her cell phone, and because he was upset that Joanne "teams up" with Elisa (see Matter of Amoria S. [Sharon M.M.], 155 AD3d 629; Matter of Eliora B. [Kennedy B.], 146 AD3d 772). Moreover, the court did not err in rejecting Joanne's in-court recantation. "[T]he credibility issues raised by [a] child's recantation [are] for Family Court to resolve in the exercise of its broad discretion" (Matter of Tiarra D. [Phillip C.], 124 AD3d 973, 974 [internal qutoation marks omitted]; see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747; Matter of Harrhae Y. [Shy-Macca Ernestine B.], 112 AD3d 512, 513; Matter of Tristan R., 63 AD3d 1075; Matter of Kayla N., 41 AD3d 920). Here, the court's determination that Joanne lacked credibility when she testified is entitled to deference (see Matter of Brianna M. [Corbert G.], 152 AD3d 600; Matter of Jallah J. [George J.], 118 AD3d 1000), and is supported by the record.
The appellants' contention that the Family Court should have dismissed the petition pursuant to Family Court Act § 1051(c) is raised for the first time on appeal and, therefore, is not properly before this Court (see Matter of Eunice D. [James F.D.], 111 AD3d 627).
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court