Matter of Kyle C. (Daniel C.) (2018 NY Slip Op 05158)





Matter of Kyle C. (Daniel C.)


2018 NY Slip Op 05158


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-02437
 (Docket Nos. N-6192-14, N-6193-14)

[*1]In the Matter of Kyle C. (Anonymous), appellant. Nassau County Department of Social Services, petitioner-respondent; Daniel C. (Anonymous), respondent-respondent. (Proceeding No. 1)
In the Matter of Ryan C. (Anonymous), appellant. Nassau County Department of Social Services, petitioner-respondent; Daniel C. (Anonymous), respondent-respondent. (Proceeding No. 2)


Amy L. Colvin, Huntington, NY, attorney for the children, Kyle C. and Ryan C., appellants.
Jared A. Kasschau, Mineola, NY (Robert F. Van der Waag of counsel), for petitioner-respondent.
Kelton & Teichner, Kew Gardens, NY (Howard R. Teichner of counsel), for respondent-respondent.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 10, the children appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated February 17, 2017. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected or abused the children, dismissed the petitions.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced the instant proceedings pursuant to Family Court Act article 10 against the father, alleging that he had neglected and abused the subject children. The charges stemmed from allegations of sexual abuse and excessive corporal punishment initially made by the older child and later repeated by the younger child. After a hearing, the Family Court concluded that the petitioner failed to prove the allegations against the father by a preponderance of the evidence. The children appeal. We affirm.
Pursuant to Family Court Act § 1012(f), a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as [*2]a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" by, inter alia, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Court Act § 1012[f][i][B]). The petitioner has the burden to demonstrate neglect by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Amoria S. [Sharon M.M.], 155 AD3d 629, 629-630; Matter of Cody W. [Ronald L.], 148 AD3d 914, 915; Matter of Agam B. [Janna W.], 143 AD3d 702, 703).
A child's out-of-court statements regarding allegations of neglect are admissible in evidence, but are not sufficient to support a finding of neglect unless they are corroborated (see Family Court Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 123; Matter of Amoria S. [Sharon M.M.], 155 AD3d at 630; Matter of Cody W. [Ronald L.], 148 AD3d at 915; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744). The Family Court has "considerable discretion in the first instance to determine if a child's out-of-court statements have been reliably corroborated, and whether the record as a whole supports a finding of abuse and/or neglect" (Matter of Tristan R., 63 AD3d 1075, 1078; see Matter of Amoria S. [Sharon M.M.], 155 AD3d at 630; Matter of Cody W. [Ronald L.], 148 AD3d at 915-916; Matter of Alexis S. [Edward S.], 115 AD3d 866, 867; Matter of Jada K.E. [Richard D.E.], 96 AD3d at 745; Matter of Tristan R., 63 AD3d at 1078). "[W]here the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal" (Matter of Jada K.E. [Richard D.E.], 96 AD3d at 745; see Matter of D.M. [Ali T.], 138 AD3d 856, 857; Matter of Deatrus Amira D. [Astoria D.], 136 AD3d 900, 901-902; Matter of Hayden C. [Tafari C.], 130 AD3d 924, 925).
Here, the primary issue facing the Family Court was the credibility of the children's accusations of sexual abuse against the father. The record supports that court's conclusion that the older child's out-of-court statements were not sufficiently corroborated and that the younger child's statements, while supported by his in-court testimony, were not credible. The record further supports the court's determination that the medical evidence did not support the allegations against the father. Similarly, we agree with the court's determination that the petitioner failed to present a prima facie case of neglect based upon excessive corporal punishment (see Matter of Sulayne G. [Sulay J.], 126 AD3d 791; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 687).
The children's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court