Matter of Meeya P. (Anthony C.) (2018 NY Slip Op 08938)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Meeya P. (Anthony C.)

2018 NY Slip Op 08938

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-02372
(Docket No. N-5901-16)

[*1]In the Matter of Meeya P. (Anonymous). Dutchess County Department of Community and Family Services, appellant; Anthony C. (Anonymous), respondent.

James Fedorchak, County Attorney, Poughkeepsie, NY (Laura Gail Skojec of counsel), for appellant.
Kelley M. Enderley, Poughkeepsie, NY, for respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated February 23, 2018. The order, after a fact-finding hearing, upon a finding that the petitioner failed to establish that the father neglected the subject child, in effect, dismissed the petition.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, a finding is made that the father neglected the subject child, and the matter is remitted to the Family Court, Dutchess County, for a dispositional hearing and the issuance of a dispositional order thereafter.
The petitioner commenced this proceeding alleging, inter alia, that the father neglected the subject child by engaging in acts of domestic violence in the presence of the child. After a fact-finding hearing, the Family Court, upon a finding that the petitioner failed to establish that the father neglected the child, in effect, dismissed the petition. The petitioner appeals.
In order to establish neglect, a petitioner must establish, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act §§ 1012[f][i], 1046[b][i]; Matter of Afton C. [James C.], 17 NY3d 1, 9; Nicholson v Scoppetta, 3 NY3d 357, 368). "[E]xposing a child to domestic violence is not presumptively neglectful" (Nicholson v Scoppetta, 3 NY3d at 375). However, a finding of neglect based on an incident or incidents of domestic violence is proper where a preponderance of the evidence establishes that the child was actually placed in imminent danger of harm by reason of the failure of the parent or caretaker to exercise a minimal degree of care (see id. at 372; Matter of Jubilee S. [James S.], 149 AD3d 965, 967; Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130). Except for certain exceptions provided for in the Family Court Act, only competent, material, and relevant evidence may be admitted at a fact-finding hearing held under [*2]article 10 of the Family Court Act (see Family Ct Act § 1046[b][iii]).
Here, much of the evidence offered in support of the petition against the father consisted of out-of-court statements made by the mother to police officers concerning domestic disputes. The Family Court correctly determined that the mother's statements were not admissible as evidence against the father absent any showing that the statements came within a statutory or common-law exception to the hearsay rule (see Matter of Zaire D. [Benellie R.], 90 AD3d 923, 924; Matter of Imani B., 27 AD3d 645, 646; Morrissey v City of New York, 221 AD2d 607, 607). Moreover, the court correctly determined that the mother's out-of-court statements were not admissible under the excited utterance exception to the hearsay rule (see generally People v Johnson, 1 NY3d 302, 306-307). However, contrary to the court's determination, a preponderance of the remaining competent, material, and relevant evidence, which included, inter alia, the mother's in-court admission that she and the father engaged in a physical altercation in the child's presence, as well as other competent, material, and relevant evidence establishing a history of domestic violence between the parents, established that the child's physical, mental, or emotional condition was in imminent danger of being impaired as a result of the father's failure to exercise a minimum degree of care (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i], [iii]; Matter of John M.M. [Michael M.], 160 AD3d 646, 647; Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064; Matter of Cody W. [Ronald L.], 148 AD3d 914, 916; Matter of Celeste O. [Calvin A.], 119 AD3d 586, 587; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Therefore, the court should have made a finding that the father neglected the subject child.
In light of our determination, we do not reach the parties' remaining contentions.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court