Matter of Peter T. (Shay S. P.) (2019 NY Slip Op 04952)





Matter of Peter T. (Shay S. P.)


2019 NY Slip Op 04952


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-11931
2018-00158
2018-04147
 (Docket Nos. N-8834-16, N-8835-16)

[*1]In the Matter of Peter T. (Anonymous), Jr. Westchester County Department of Social Services, petitioner-respondent; Shay S. P. (Anonymous), etc., et al., respondents-appellants. (Appeal No. 1)
In the Matter of Peter T. (Anonymous), Jr. Westchester County Department of Social Services, petitioner-respondent; Shay S. P. (Anonymous), etc., respondent-appellant, et al., respondent. (Appeal Nos. 2 and 3)


George E. Reed, Jr., White Plains, NY, for respondent-appellant Shay S. P.
Carol Carozza, New Rochelle, NY, for respondent-appellant Peter T.
John M. Nonna, County Attorney, White Plains, NY (Stacey Dolgin-Kmetz, Linda M. Trentacoste, Gregory G. Meyer, and David Chen of counsel), for petitioner-respondent.
Gloria M. Marchetti-Bruck, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Westchester County (Arlene E. Katz, J.), entered November 1, 2017, (2) a permanency hearing order of the same court entered November 1, 2017, and (3) a permanency hearing order of the same court (Maria-Alana Recine, Ct. Atty. Ref.) entered March 6, 2018, and the father separately appeals from the order of fact-finding and disposition. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother and the father had neglected the subject child and directed that the child remain in the custody of the petitioner until the completion of the next permanency hearing. The permanency hearing order entered November 1, 2017, insofar as appealed from, after a hearing, continued the child's placement with the petitioner until the completion of the next permanency hearing. The permanency hearing order entered March 6, 2018, insofar as appealed from, after a hearing, continued the child's placement with the petitioner until the completion of the next permanency hearing.
ORDERED that the appeals from the permanency hearing orders and so much of the [*2]order of fact-finding and disposition as directed that the child remain in the custody of the petitioner until the completion of the next permanency hearing are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The subject child was born in January 2016. On June 29, 2016, the Westchester County Department of Social Services (hereinafter the petitioner) removed the child from his parents on an emergency basis pursuant to Family Court Act § 1024. Shortly thereafter, the petitioner commenced these neglect proceedings against the parents based upon, inter alia, concerns about the parents' ability to care for the child due to their intellectual disabilities. In an order entered July 7, 2016, the Family Court, after a hearing pursuant to Family Court Act §§ 1027 and 1028, continued the temporary removal of the child and directed that the child be temporarily placed in the custody of the petitioner. In an order of fact-finding and disposition entered November 1, 2017, made after fact-finding and dispositional hearings, the Family Court found that the parents had neglected the child and directed that the child remain in the custody of the petitioner until the completion of the next permanency hearing. The mother and the father separately appeal from the order of fact-finding and disposition. The mother also appeals from two permanency hearing orders, entered November 1, 2017, and March 6, 2018, respectively, continuing the child's placement with the petitioner until the next permanency hearing.
The appeals from the permanency hearing orders and so much of the order of fact-finding and disposition as directed that the child remain in the custody of the petitioner until the completion of the next permanency hearing are academic, as additional permanency hearings have since been held (see Matter of Peter T., Jr. [Shay S. P.], ___ AD3d ___ [Appellate Division Docket No. 2018-09769; decided herewith]; see also Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580; Matter of Jayline J. [Jarren J.], 156 AD3d 701, 701-702; Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 198-199; Matter of Agam B. [Janna W.], 143 AD3d 702, 702-703; Matter of Grayson J. [Sharon H.], 119 AD3d 575, 576). Therefore, any decision from this Court on this issue would not "result in immediate and practical consequences to the parties" (Matter of Victoria B. [Jonathan M.], 164 AD3d at 580 [internal quotation marks omitted]).
Pursuant to Family Court Act § 1012(f), a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" in, inter alia, "providing the child with proper supervision or guardianship" (Family Ct Act § 1012[f][i][B]; see Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Mirza S.A. [Mirza A.A.], 160 AD3d 715, 716; Matter of Jonathan H. [Tamika Q.], 156 AD3d 786, 787; Matter of Amoria S. [Sharon M.M.], 155 AD3d 629, 629-630). "[E]ven when a child has not been actually impaired, a finding of neglect is appropriate to prevent imminent impairment, which is an independent and separate ground on which a neglect finding may be based'" (Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056, quoting Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79; see Family Ct Act § 1012[f][i]). "In such cases, the court is not required to wait until a child has already been harmed before it enters a finding of neglect'" (Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056, quoting Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1279).
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been abused or neglected by a preponderance of evidence'" (Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056, quoting Family Ct Act § 1046[b][i]; see Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178; Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759). The Family Court's credibility determinations are entitled to deference on appeal (see Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056; Matter of Gavin G. [Carla G.], 165 AD3d 1258, 1259; Matter of Cashmere T. [Andrew S.], 161 AD3d at 1178).
Here, the evidence presented during the fact-finding hearing demonstrated that although both the mother and the father loved the subject child and were willing to participate in services that would assist them in meeting his needs, due to their respective intellectual disabilities, [*3]they were unable to acquire sufficient skills to do so. The record also established a history of domestic violence perpetuated by the father against the mother. Under the circumstances of this case, we agree with the Family Court's determination that the child's physical, mental, or emotional condition was in imminent danger of being impaired as a result of the parents' failure to exercise a minimum degree of care (see Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056; Matter of Meeya P. [Anthony C.], 167 AD3d 1018, 1019).
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court