Matter of Jordan G. V. (Vanessa V.) (2020 NY Slip Op 06275)





Matter of Jordan G. V. (Vanessa V.)


2020 NY Slip Op 06275


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08619
 (Docket Nos. N-24991-18, N-24992-18)

[*1]In the Matter of Jordan G.. (Anonymous), nonparty-appellant. Administration for Children's Services, petitioner-respondent; Vanessa V. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Lizabel V. (Anonymous). Administration for Children's Services, petitioner; Vanessa V. (Anonymous), respondent. (Proceeding No. 2.)


Cheryl Charles-Duval, Brooklyn, NY, attorney for the child, the nonparty-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Susan Paulson of counsel), for petitioner-respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the child Jordan G. V. appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated June 17, 2019. The order of fact-finding and disposition, insofar as appealed from, found that the mother derivatively neglected the child Jordan G. V. and placed that child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the child Jordan G. V. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In September 2018, the petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the child Lizabel V. and derivatively neglected the child Jordan G. V. The petitions alleged, inter alia, that the mother failed to provide the children with proper supervision or guardianship. Following a fact-finding and dispositional hearing, in an order of fact-finding and disposition dated June 17, 2019, the Family Court, inter alia, found that the mother neglected Lizabel and derivatively neglected Jordan, and placed Jordan in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. Jordan appeals.
Initially, we reject the petitioner's contention that this appeal by the child must be dismissed on the ground that the order appealed from was entered upon the mother's default (see [*2]CPLR 5511).
"[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent" (Family Ct Act § 1046[a][i]). "There is no per se rule that a finding of abuse or neglect of one sibling requires a finding of derivative abuse or neglect with respect to the other siblings" (Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784; see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749; Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694). Rather, "[t]he focus of the inquiry to determine whether a parent derivatively neglected a child (see Family Ct Act § 1046[a][i]) 'is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused [or neglected] one child will place his or her other children at substantial risk of harm'" (Matter of Annalise L. [Jalise P.], 170 AD3d 835, 836, quoting Matter of Jahmya J. [Crystal L.J.], 137 AD3d 1132, 1133 [internal quotation marks omitted]; see Matter of Marino S., 100 NY2d 361, 374; Matter of Naphtali A.[Winifred A.], 165 AD3d at 784; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773-774).
Here, the evidence adduced at the fact-finding hearing established that the mother neglected Lizabel, who was 16 years old and pregnant. The mother, inter alia, failed to notify the authorities or express any concern when she admittedly did not know Lizabel's whereabouts, and failed to ensure that Lizabel was attending school and receiving appropriate mental health treatment. This evidence sufficiently supported the Family Court's conclusion that the mother derivatively neglected Jordan, as it demonstrated that the mother had such an impaired level of parental judgment as to create a substantial risk of harm to the well-being of Jordan (see Matter of Justine N. [Patricia M.], 136 AD3d 452; Matter of Amondie T. [Karen S.], 107 AD3d 498; Matter of Sophia P., 66 AD3d 908; see also Matter of Shannen AA. [Melissa BB.], 80 AD3d 906).
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court