Matter of Elijah P. (Jane W.) (2021 NY Slip Op 08186)





Matter of Elijah P. (Jane W.)


2021 NY Slip Op 08186


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-01917
 (Docket Nos. N-29432-16, N-29433-16)

[*1]In the Matter of Elijah P. (Anonymous). Administration for Children's Services, petitioner-respondent; Jane W. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Saamiyah C. (Anonymous). Administration for Children's Services, petitioner-respondent; Jane W. (Anonymous), appellant. (Proceeding No. 2.)


Warren S. Hecht, Forest Hills, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Rebecca L. Visgaitis of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child Elijah P.
Elliott Green, Brooklyn, NY, attorney for the child Saamiyah C.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Keith Brown, J.), dated April 12, 2019. The order, after a fact-finding hearing, found that the mother neglected the child Elijah P., and derivatively neglected the child Saamiyah C.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the child Elijah P., and derivatively neglected the child Saamiyah C. Following a fact-finding hearing, in an order dated April 12, 2019, the Family Court found that a preponderance of the evidence established that the mother neglected Elijah P., and derivatively neglected Saamiyah C. Subsequent to the issuance of the April 12, 2019 order, the court dismissed the proceeding related to Saamiyah C. pursuant to Family Court Act § 1051(c), finding that the aid of the court was no longer required with regard to that child. The mother appeals from the order dated April 12, 2019.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court [*2]Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Syncere R. [Imeisha P.], 189 AD3d 845; Matter of Lea E.P. [Jason J.P.], 176 AD3d 715, 716).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977; see Matter of Paul M. [Tina H.], 146 AD3d 961, 962). Even a single incident of excessive corporal punishment may be sufficient to support a finding of neglect (see Matter of Amoria S. [Sharon M.M.], 155 AD3d 629, 630; Matter of Sheneika V., 20 AD3d 541, 542).
"A petitioner may rely upon a child's prior out-of-court statements to satisfy this burden, provided that they are properly corroborated" (Matter of Amoria S. [Sharon M.M.], 155 AD3d at 630; see Family Ct Act § 1046[a][vi]). Corroboration means "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046[a][vi]; see Matter of Christina F., 74 NY2d 532, 536). "The Family Court has considerable discretion in deciding whether out-of-court statements made by children have been reliably corroborated and whether the record as a whole supports a finding of neglect" (Matter of Amoria S. [Sharon M.M.], 155 AD3d at 630; see Matter of Christina F., 74 NY2d at 536).
Here, a preponderance of the evidence adduced at the fact-finding hearing established that the mother neglected Elijah P. by inflicting excessive corporal punishment upon him (see Family Ct Act 1012[f][i][B]; Matter of Syncere R.[Imeisha P.], 189 AD3d at 846; Matter of Douglas L. [Cheyanne J.], 147 AD3d 840, 841; Matter of Cheryale B. [Michelle B.], 121 AD3d at 977). The credible evidence established that on two separate dates in November 2016, the mother hit Elijah P., who was nine years old at the time, with enough force to cause a visibly swollen lip, and that the mother dragged Elijah P. by the ear from the bedroom to the bathroom of their apartment, causing a visible ¾-inch scratch on the child's ear.
Contrary to the petitioner's contention, the fact that the proceeding relating to Saamiyah C. was dismissed pursuant to Family Court Act § 1051(c) on the ground that the aid of the court was no longer needed does not mean that the finding of derivative neglect against the mother no longer stands. The order dismissing the proceeding did not vacate the neglect finding (see Matter of Crystal S. [Elaine S.], 74 AD3d 823, 824-825). "Because the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in any future proceedings, the appeal from so much of the order as found that the mother [derivatively] neglected the subject child is not academic" (id. at 824-825). Turning to the merits of the finding of derivative neglect, since the mother's conduct toward Elijah P. demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence from which to make a derivative neglect finding as to Saamiyah C. (see Family Ct Act § 1046[a][i]; Matter of Syncere R. [Imeisha P.], 189 AD3d at 846; Matter of Jordan G.V. [Vanessa V.], 188 AD3d 705, 706; Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694, 695).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court