Matter of Kaylin P. (Derval S.) (2018 NY Slip Op 02271)





Matter of Kaylin P. (Derval S.)


2018 NY Slip Op 02271


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6158 6157 6156

[*1]In re Kaylin P., and Another, Children Under the Age of Eighteen Years, etc., Derval S., Respondent-Appellant/Respondent, Administration for Children Services, Petitioner-Respondent.


Tamara A. Steckler, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child Mason S. appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant/respondent.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child Kaylin P.



Order of fact-finding, Family Court, New York County (David J. Kaplan, J.), entered on or about September 27, 2016, which determined, after a hearing, that respondent sexually abused and neglected Kaylin P., a child for whom he was legally responsible, and that he did not derivatively abuse or neglect his biological child, Mason S., unanimously modified, on the law, to determine that respondent derivatively abused and neglected Mason S., and otherwise affirmed, without costs.
The finding that respondent sexually abused and neglected Kaylin is supported by a preponderance of the evidence (see Family Court Act §§ 1012[e][iii], [f][i][B]; 1046[b][i]). Kaylin testified in detail as to respondent's conduct in touching her in a sexual manner; her testimony remained consistent under cross-examination and was consistent with her earlier disclosures to her teacher, her caseworker and the police. We see no basis for disturbing the court's determination, which is entitled to deference, that Kaylin's testimony was credible (see Matter of Alejandra B. [Alejandro A.], 135 AD3d 480 [1st Dept 2016]).
The court also properly credited Kaylin's testimony as to the fear and emotional distress she suffered as a result of her exposure to the escalating domestic violence between respondent and her mother in the home and the frightening sight of her mother's bruised face and eye and cut lip resulting from a physical assault by respondent in September 2014 (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Serina C. [Ishmael M.], 150 AD3d 463 [1st Dept 2017]).
In view of these findings, the court erred in concluding that derivative abuse and neglect of Mason had not been established. Respondent's sexual abuse of Kaylin and his acts of domestic violence against her mother demonstrate "such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" (Matter of Vincent M., 193 AD2d 398, 404 [1st Dept 1993]). That Mason was not present
when respondent attacked his mother does not preclude a finding of derivative neglect (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK