■ In the Matter of the DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DOUGLAS E., III, Appellant, v DOUGLAS E., JR., Respondent. [595 NYS2d 800] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner Dutchess County Department of Social Services appeals from an order of the Family Court, Dutchess County (Bernhard, J.), entered April 23, 1992, which granted the respondent father's motion to dismiss the neglect petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion to dismiss is denied, the petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceeding with respect to the petition.

Generally, in cases of alleged child abuse or neglect, it is recognized that "[a] child need not sustain a serious injury in order to justify a finding that he or she has been abused. It is sufficient to show that the child was subjected to a substantial risk of physical injury which would be likely to cause * * * protracted impairment of his physical or emotional health" (Matter of C. Children, 183 AD2d 767, 768). In cases of derivative abuse or neglect, there is no per se rule that the child of a parent who abuses one sibling is automatically a derivatively abused or neglected child (see, Matter of Rasheda S., 183 AD2d 770). The focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood (Matter of Rasheda S., supra; Matter of Lynelle W., 177 AD2d 1008; Matter of James P., 137 AD2d 461; Matter of Cruz, 121 AD2d 901; Matter of Christina Maria C., 89 AD2d 855). Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused one child will place his or her other children at substantial risk of harm (see, Matter of Ely P., 167 AD2d 473).

In the instant case, the respondent father admitted that he repeatedly sexually abused and sodomized his 10-year-old daughter for his sexual gratification over a period of five to six months. In the statement he made to police following his arrest, he admitted that he hugged, kissed, and tickled his daughter in his bed, that he licked her breasts and vagina,

and that he inserted his finger in her anus. He reported to police that his daughter was a willing participant who "would be happy and smile, and say it felt good when I licked her vagina". These encounters would leave him in a state of sexual excitement after which, he claimed, he would masturbate alone in the bathroom. The respondent's daughter, however, made statements to a caseworker indicating that her father masturbated in her presence and she reportedly resisted her father's advances and "struggled every time". These revelations clearly support the allegations that the respondent father's judgment and understanding of his duties as a parent are so skewed as to place his 7-year-old son's mental and emotional condition at imminent risk of being impaired.

There is no merit to the father's argument, endorsed by the Law Guardian and obviously credited by the Family Court, that direct evidence is necessary to sustain a *derivative* neglect petition where a father, who has sexually abused a *daughter,* is charged with neglect of a *son.* In *Matter of Lynelle W.* (177 AD2d 1008, 1009, *supra),* based upon a father's sexual abuse of his stepdaughter, the Appellate Division, Fourth Department, held that the son was a neglected child because the father's abuse of his stepdaughter "demonstrated a fundamental defect in his understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental, and emotional well-being of the son as well". The Appellate Division, Third Department, reached a similar conclusion in *Matter of Anita U.* (185 AD2d 378), in which a derivative neglect charge as to a son was sustained predicated upon sexual abuse of female siblings. As the Court held: "[b]ecause of the nature of the acts perpetrated by respondent upon [the two daughter-victims], and his history of prior similar acts performed upon [his other daughter], there clearly is a substantial risk that the mental, emotional or physical condition of [the son] is in imminent danger of being impaired" (at 381). This Court implicitly reached a similar conclusion in *Matter of P. Children* (172 AD2d 839, 840), in which a mother was found to have sexually abused her daughter and derivative neglect findings were sustained as to her two sons since the mother's conduct "endangered the other children". In short, the Family Court erred in holding that absent independent evidence of direct abuse by the respondent father, the derivative neglect petition could not be sustained. There is clearly an issue of fact in this case as to whether the father should be charged with derivative neglect.

Accordingly, the order appealed from is reversed, and the matter is remitted to the Family Court, Dutchess County, for further proceedings with respect to the petition. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.