■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of KELLY M., Respondent, v CAROLYN S., Respondent, and MILTON C., Appellant. [601 NYS2d 160] —In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from a combined fact-finding order and dispositional order (one paper) of the Family Court, Queens County (De Phillips, J.), dated July 16, 1990, which found that the father had sexually abused Tiesha C. and neglected Marcus K., and placed them in the custody of

the petitioner for a period of 12 months, directing that they reside with the maternal grandmother.

Ordered that the order is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing was sufficient to prove the alleged sexual abuse of Tiesha C. and the derivative neglect of Marcus K. by the requisite preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]).

Eleven-year-old Tiesha C. testified at the hearing that the appellant, her father, repeatedly raped and sodomized her in a bedroom she shared with her father and her 12-year-old brother Marcus K. Marcus testified that he witnessed one of these incidents one night after Tiesha told him of the abuse and asked him to stay awake. Moreover, hospital records put into evidence at the hearing were consistent with the children's testimony.

Therefore, the Family Court properly determined that, since the father committed sex offenses against her, Tiesha was an abused child within the meaning of Family Court Act § 1012 (e) (iii) and, since the abuse "indicates a fundamental defect in the [father's] understanding of the duties of parenthood" (Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694), Marcus was neglected.

The father's remaining contentions are without merit. Thompson, J. P., Balletta, Ritter and Pizzuto, JJ., concur.