■ In the Matter of RANDY AA. and Others, Children Alleged to be Abused. FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYNE AA., Appellant. (And Another Related Proceeding.) [696 NYS2d 311] —Mugglin, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered May 19, 1998, which, in two proceedings pursuant to Family Court article 10, granted petitioner's motion for an order of protection on behalf of Randy AA.

Respondent is the father of a son and two daughters. In 1994, his son, Randy AA., was seven years of age and his daughters were ages four and three. On November 18, 1994, having

pleaded guilty to criminal charges associated with abuse and neglect allegations contained in petitions in Family Court, respondent, without admission, consented to a finding of abuse of his two daughters, as well as two other children. The petitions against respondent of abuse and neglect having been sustained, an order of protection was entered forbidding respondent from contact with either daughter until they reach the age of 18. Respondent has been incarcerated since 1994.

On February 11, 1998, petitioner filed two petitions alleging that respondent had abused and neglected all three of his children. The petitions were based on a report of sexual abuse made by Randy to his mother in April 1997 and repeated to a therapist in September 1997. Family Court scheduled a fact-finding hearing. Before calling witnesses, petitioner moved for a finding of derivative abuse against respondent on behalf of Randy AA. and for modification of the original order of protection based upon the 1994 proceedings. Family Court adjourned the hearing, reserved on the motions and gave counsel two weeks to submit memoranda of law. Thereafter, on May 18, 1998, Family Court granted the motion and an order of protection in favor of Randy AA. was entered, to remain in effect until December 9, 2005. Respondent appeals arguing that his due process rights were violated because Family Court held neither a fact-finding hearing nor a dispositional hearing and, further, because an order of protection was entered based on allegations which were remote in time without evidence of impairment or injury to the child in question.

We begin by observing, as did Family Court, that proof of abuse of his sisters is, by statute, admissible on the issue of the abuse or neglect of Randy (*see*, Family Ct Act § 1046 [a] [i]). We also agree with Family Court's holding that evidence of the sexual abuse of one child, standing alone, does not, ipso facto, establish a prima facie case of derivative abuse or neglect against others (*see*, *Matter of Amanda LL.*, 195 AD2d 708, 709). Quoting *Matter of Dutchess County Dept. of Social Servs. (Douglas E., III) v Douglas E., Jr.* (191 AD2d 694, 695), Family Court concluded that the evidence of respondent's abuse and neglect of his daughters evinced a "fundamental flaw in his understanding of the parental role, and as such created an 'atmosphere detrimental to the physical, mental and emotional well-being' of his son as well".

This Court has previously held that proof of abuse and neglect of siblings can, in appropriate circumstances, "support a finding of derivative abuse and neglect as to other children, even those of the opposite sex" (*Matter of Amanda LL., supra,*

at 709). "Appropriate circumstances include the nature of the direct abuse, notably its duration, the circumstances surrounding its commission and whether, on the whole, it can be said to evidence fundamental flaws in the respondent's understanding of the duties of parenthood" (*id.*, at 709).

The petitions in this matter allege direct abuse and neglect of the three children. Since a fact-finding hearing was not conducted, there is no evidence in this record of direct abuse of Randy. Moreover, this record contains no evidence of the 1994 proceedings so that it is not possible to review whether appropriate circumstances exist which can support the finding of derivative abuse or neglect as to Randy. We therefore must reverse the order of Family Court and remit so that the evidence that Family Court relied upon by taking judicial notice can be included in the record and appellate review will be possible. Upon remittal, respondent is entitled to a dispositional hearing so that he can introduce any evidence he may have concerning his efforts to rehabilitate himself as a parent while he has been incarcerated. Pending further order of the Family Court the order of protection entered on May 18, 1998 in favor of Randy AA. shall remain in force and effect.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision.