■ In the Matter of ALEJANDRA B. and Another, Children Alleged to be Abused. ALEJANDRO A., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [22 NYS3d 823]—

Order of disposition, Family Court, Bronx County (Robert Hettleman, J.), entered on or about November 6, 2014, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about October 23, 2014, which found that respondent sexually abused the older child and derivatively abused the younger child, unanimously affirmed, without costs. Appeal from the fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The finding that respondent sexually abused the older child by committing offenses against her defined in article 130 of the Penal Law is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]). The then 10-year-old child's testimony concerning two incidents in which respondent asked her to lock the bedroom door, give him a massage and straddle him, while he bounced her up and down near his private parts and then kissed her on the mouth, supports a finding of sexual contact (Penal Law § 130.00 [3]). That the purpose of respondent's conduct was sexual gratification, and not innocent horseplay, was properly inferred from the conduct itself (see Matter of Karina L. [Israel R.], 106 AD3d 439 [1st Dept 2013]), as well as the fact that he warned the child not to tell her mother about it. There was no need for corroboration of the child's testimony (see Matter of Marelyn Dalys C.-G. [Marcial C.], 113 AD3d 569 [1st Dept 2014]). The court's assessment of the child's credibility as she related the traumatic events and responded to cross-examination is entitled to deference, and we find no basis for rejecting it (see Matter of Mia B. [Brandy R.], 100 AD3d 569 [1st Dept 2012], lv denied 20 NY3d 858 [2013]).

The court properly balanced respondent's due process rights with the child's emotional well-being in permitting the child to testify via closed-circuit television (*see Matter of Giannis F. [Vilma C.—Manny M.]*, 95 AD3d 618 [1st Dept 2012]). Contrary to respondent's contention, the court was not required to find that the child would suffer "severe and substantial mental or emotional harm" if she testified in open court.

The finding that respondent engaged in sexual abuse of the older child supports the finding that he derivatively abused the younger child; his conduct, which occurred in the younger child's presence, evinced a " 'fundamental defect' " in his understanding of his parental obligations (*see Matter of Estefania S. [Orlando S.]*, 114 AD3d 453 [1st Dept 2014]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.