■ In the Matter of NYASIA C. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; CHRISTINE J.-L. et al., Respondents. (Proceeding No. 1.) In the Matter of JAYLEN G. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; EDDY G., Respondent. (Proceeding No. 2.) [26 NYS3d 574]—

Appeal from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated January 13, 2015. The order, after a fact-finding hearing, dismissed the petition alleging that the child Nyasia C. was abused by the respondent Eddy G. and neglected by the respondent Christine J.-L., and dismissed the petition alleging that the child Jaylen G. was derivatively abused by the respondent Eddy G.

Ordered that on the Court's own motion, the notice of appeal from a decision dated January 13, 2015 is deemed to be a notice of appeal from the order dated January 13, 2015 (see CPLR 5512 [a]); and it is further,

Ordered that the order is modified, on the facts, by deleting the provision thereof dismissing the petition in proceeding No. 1 insofar as asserted against the respondent Eddy G. and the petition in proceeding No. 2, and substituting therefore a provision finding that the respondent Eddy G. abused the child Nyasia C. and derivatively abused the child Jaylen G.; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter on the petition in proceeding No. 1 insofar as asserted against the respondent Eddy G. and the petition in proceeding No. 2.

The petitioner commenced two related child protective proceedings pursuant to Family Court Act article 10, alleging that the respondent Eddy G. sexually abused the then four-year-old child Nyasia C. and derivatively abused his son, the child Jaylen G. The petitioner further alleged that the respondent Christine J.-L., Nyasia C.'s mother, neglected Nyasia C. by failing to take the child to counseling and failing to administer anti-HIV medication to the child after the discovery of the alleged sexual abuse. Following a fact-finding hearing, the Family Court found that the petitioner failed to prove that Eddy G. abused Nyasia C. and derivatively abused Jaylen G. and dismissed the petitions. The petitioner appeals.

Contrary to the Family Court's determination, the petitioner met its burden of establishing, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that Eddy G. abused Nyasia C. and derivatively abused Jaylen G. (*see* Family Ct Act § 1012 [e]). A child's out-of-court statements may form the basis for a finding of abuse if they are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 123 [1987]; *Matter of Adreanna M. [Kety M.]*, 95 AD3d 1213, 1214 [2012]; *Matter of Frank F.*, 12 AD3d 601, 601 [2004]). In the present case, the testimony of Christine J.-L. regarding her observations of Eddy G. and Nyasia C. in bed together was sufficient to corroborate the child's statements regarding the acts of abuse (*see generally Matter of Ishaq B. [Lea B.]*, 121 AD3d 889, 890 [2014]; *Matter of Oluwashola P. [Emma T.]*, 95 AD3d 778 [2012]).

Moreover, while the Family Court's credibility findings are accorded deference on appeal (*see Matter of Michael B. [Samantha B.]*, 130 AD3d 619, 620-621 [2015]; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d 891, 893 [2014]), this Court is free to make its own credibility assessments and to enter a finding of abuse where it is supported by the record (*see generally Matter of Arthur G. [Tiffany M.]*, 112 AD3d 925, 925-926 [2013]; *Matter of Serenity S. [Tyesha A.]*, 89 AD3d 737, 738-739 [2011]; *Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247 [2011]; *Matter of Tristan R.*, 63 AD3d 1075, 1077 [2009]). Contrary to the Family Court's determination, the inconsistencies in Christine J.-L.'s accounts of her observations did not render her testimony unworthy of belief. Accordingly, we determine that the evidence adduced at the hearing established that Eddy G. abused Nyasia C. and derivatively abused Jaylen G., and we remit the matter to the Family Court for a dispositional hearing and dispositions thereafter on the petition in proceeding No. 1 insofar as asserted against him and the petition in proceeding No. 2.

However, the Family Court properly dismissed so much of the petition in proceeding No. 1 as alleged that Christine J.-L. neglected Nyasia C. The hearing evidence did not establish, by a preponderance of the evidence, that Christine J.-L. failed to provide the child with adequate medical care so as to impair the child's physical, mental, or emotional condition or place the child in imminent danger of such impairment (*see Matter of Ariel P. [Lisa W.]*, 102 AD3d 795, 795-796 [2013]; *Matter of Terrence P.*, 38 AD3d 254, 256-257 [2007]). Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.