■ In the Matter of KYLE D., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; DWAYNE D., Respondent. (Proceeding No. 1.) In the Matter of MAYA D., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; DWAYNE D., Respondent. (Proceeding No. 2.) [29 NYS3d 540]—

Appeal from an order of the Family Court, Queens County (Barbara Salinitro, J.), dated March 6, 2015. The order, after a fact-finding hearing and upon a finding that the petitioner failed to establish that the father abused or neglected Maya D. or derivatively neglected Kyle D., dismissed the petitions.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, it is found that the father abused and neglected Maya D. and derivatively neglected Kyle D., and the matter is remitted to the Family Court, Queens County, for a dispositional hearing and dispositions thereafter before a different Judge.

While the credibility findings of a hearing court are accorded deference (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247 [2011]), we are free to make our own credibility assessments and, where proper, make a finding of abuse or neglect based upon the record before us (*see Matter of Nyasia C. [Christine J.-L.]*, 137 AD3d 781 [2d Dept 2016]; *Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247 [2011]; *Matter of Samuel D.-C.*, 40 AD3d 853 [2007]; *Matter of Peter R.*, 8 AD3d 576, 579 [2004]). Contrary to the determination of the Family Court, the testimony of the petitioner's expert witness, who was an expert in the field of child sexual abuse, provided sufficient corroboration to support the reliability of Maya D.'s out-of-court statements regarding her father's sexual abuse of her and, together with the

testimony of the petitioner's caseworker and the mother, established the allegations in the petition by a preponderance of the evidence (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Elizabeth G.*, 255 AD2d 1010 [1998]). The allegations of sexual abuse were further corroborated by the consistency of Maya D.'s out-of-court statements and by the fact that Maya D. had age-inappropriate knowledge of sexual matters (*see Matter of Kimberly CC. v Gerry CC.*, 86 AD3d 728, 730 [2011]; *Matter of Briana A.*, 50 AD3d 1560 [2008]; *Matter of Yorimar K.-M.*, 309 AD2d 1148, 1148-1149 [2003]). Therefore, upon our review of this record, we conclude that the petitioner satisfactorily demonstrated by a preponderance of the evidence that the father abused and neglected Maya D. and derivatively neglected her brother, Kyle D.

In view of our findings of abuse, neglect, and derivative neglect, we remit the matter to the Family Court, Queens County, for a dispositional hearing and dispositions thereafter. Under the particular circumstances of this case, we deem it appropriate to remit the matter to a different Judge for purposes of disposition. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.