■ In the Matter of D.S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; SHAQUEINA W. et al., Respondents. (Proceeding No. 1.) In the Matter of R.M., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; SHAQUEINA W. et al., Respondents. (Proceeding No. 2.) [47 NYS3d 364]—

Appeal by the petitioner from an order of fact-finding of the Family Court, Kings County (Elizabeth Barnett, J.), dated November 18, 2015. The order of fact-finding, after a fact-finding hearing, in effect, dismissed so much of the petitions as alleged that the respondent R.M. abused and neglected the subject children.

Ordered that the order of fact-finding is modified, on the law, by deleting the provision thereof, in effect, dismissing so much

of the petition in proceeding No. 1 as alleged that the respondent R.M. abused and neglected the child D.S., and substituting therefor a provision finding that the respondent R.M. abused and neglected the child D.S.; as so modified, the order of fact-finding is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and an order of disposition thereafter on the petition in proceeding No. 1 insofar as asserted against the respondent R.M.

The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the respondent R.M. (hereinafter the respondent) is the father of R.M., Jr., and a person legally responsible for D.S., that he abused and neglected D.S., and that he derivatively abused and neglected R.M., Jr. After a fact-finding hearing, the Family Court found that the petitioner failed to establish by a preponderance of the evidence that the respondent abused or neglected the subject children, and in effect, dismissed the petitions insofar as asserted against him.

At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). Moreover, a court "may draw the strongest inference that the opposing evidence permits against a witness who fails to testify in a civil proceeding" (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; see Matter of Jackson F. [Gabriel F], 121 AD3d 1114, 1115 [2014]; Matter of Dean J.K. [Joseph D.K.], 121 AD3d 896, 897 [2014]; Matter of Mylasia P. [Brenda P.], 104 AD3d 856 [2013]).

"While the credibility findings of a hearing court are accorded deference, this Court is free to make its own credibility assessments and, where proper, make a finding of abuse or neglect based upon the record" (Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 706 [2016] [citations omitted]; see Matter of Nyasia C. [Christine J.-L.], 137 AD3d 781, 782 [2016]; Matter of Chanyae S. [Rena W.], 82 AD3d 1247 [2011]).

Here, contrary to the Family Court's determination, the petitioner met its burden of establishing, by a preponderance of the evidence, that the respondent abused D.S. (see Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law § 130.52 [1]). D.S. testified that the respondent, on three occasions, grabbed her buttocks, and, when she looked at him, the respondent said "what," and smiled. Further, D.S. testified that each incident made her feel "uncomfortable." This evidence, together with a negative inference drawn from the respondent's failure to testify, was sufficient to support a finding of abuse.

Any inconsistencies in D.S.'s accounts of the incidents did not render her testimony unworthy of belief (*see Matter of Andrea V. [James A.]*, 128 AD3d 1077 [2015]; *Matter of Joshua J.P. [Alquiber R.]*, 127 AD3d 1200 [2015]; *Matter of Jasmine A.*, 18 AD3d 546 [2005]). Moreover, the respondent's intent to gain sexual gratification could be inferred from the nature of the conduct about which D.S. testified (*see Matter of Lesli R. [Luis R.]*, 138 AD3d 488 [2016]; *Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809 [2014]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839 [2010]; *see also Matter of Keisha McL.*, 261 AD2d 341 [1999]).

In addition, the petitioner met its burden of establishing, by a preponderance of the evidence, that the respondent neglected D.S. (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Charlie S. [Rong S.]*, 82 AD3d 1248 [2011]).

However, the Family Court properly dismissed the petition related to R.M., Jr., the respondent's biological son who was born shortly after the incident at issue, insofar as it alleged that the respondent derivatively abused and/or neglected R.M., Jr. While evidence of the abuse or neglect of one child may evince a flawed understanding of parental duties and impaired parental judgment sufficient to support a finding of derivative abuse or neglect as to another child in the respondent's care (*see Matter of Joshua P. [David J.]*, 111 AD3d 836 [2013]), a finding of abuse or neglect of one child does not, by itself, establish that other children in the care of the respondent have been derivatively abused or neglected (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076, 1077 [2011]; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177 [2010]). Here, under the circumstances presented, the respondent's conduct with regard to D.S. failed to establish that the respondent derivatively abused and/or neglected R.M., Jr. (*see Matter of Andrew B.-L.*, 43 AD3d 1046, 1047 [2007]; *Matter of Cadejah AA.*, 33 AD3d 1155 [2006]). Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.