■ In the Matter of ANTHONY G. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JOSE G.-G., Respondent. (Proceeding No. 1.) In the Matter of SAMANTHA G. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JOSE G.-G., Respondent. (Proceeding No. 2.) [48 NYS3d 145]—

Appeal by the petitioner from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated June 16, 2016. The order, after a fact-finding hearing, dismissed the petition alleging that the father abused the child Samantha G. and dismissed the petition alleging that the father derivatively abused the child Anthony G.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, a finding is made that the father abused Samantha G. and derivatively abused Anthony G., and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a disposition thereafter.

The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging that the father sexually abused Samantha G. and derivatively abused Anthony G. After a fact-finding hearing, the Family Court dismissed the petitions on the ground that Samantha G.'s out-of-court statements were not sufficiently corroborated pursuant to Family Court Act § 1046 (a) (vi).

Pursuant to Family Court Act § 1012 (e) (iii), an abused child is "a child less than eighteen years of age whose parent . . . commits, or allows to be committed an offense against such child defined in article one hundred thirty of the penal law." A finding of abuse must be supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,*

71 NY2d 112, 117 [1987]). A child's out-of-court statements may provide the basis for a finding of abuse if the statements are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (*see* Family Ct Act § 1046 [a] [vi]; *Matter of D.M. [Ali T.]*, 138 AD3d 856, 857 [2016]; *Matter of Deatrus Amir D. [Astoria D.]*, 136 AD3d 900, 901 [2016]). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (*Matter of Christopher L.*, 19 AD3d 597, 597 [2005]; *see Matter of Nicole V.*, 71 NY2d at 124; *Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d 703, 706 [2016]). While the credibility findings of a hearing court are accorded deference, this Court is free to make its own credibility assessments and, where proper, make a finding of abuse or neglect based upon the record (*see Matter of Nyasia C. [Christine J.-L.]*, 137 AD3d 781, 782 [2016]; *Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247, 1247 [2011]).

Contrary to the Family Court's determination, the evidence that the father pleaded guilty in a criminal proceeding to endangering the welfare of a child provided sufficient corroboration to support the reliability of Samantha G.'s out-of-court statements regarding the father's sexual abuse of her (*see Matter of Monique M. [Georgette S.]*, 110 AD3d 814, 815 [2013]; *Matter of Joshua UU. [Jessica XX.—Eugene LL.]*, 81 AD3d 1096, 1098 [2011]). Together with the testimony of the petitioner's caseworker and the mother, this evidence established the allegations of sexual abuse by a preponderance of the evidence (*see Matter of Kyle D. [Dwayne D.]*, 138 AD3d 835, 835-836 [2016]; *Matter of Charlie S. [Rong S.]*, 82 AD3d 1248, 1249 [2011]). Moreover, it is appropriate to draw a negative inference against the father for his failure to testify at the fact-finding hearing (*see Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d at 706; *Matter of Gabriel W. [Steven C.]*, 130 AD3d 742, 743 [2015]). The father's sexual abuse of Samantha G. supports a finding that he derivatively abused the child Anthony G., since his conduct demonstrated a fundamental defect in his understanding of the duties of parenthood so as to create a substantial risk of harm to any child in his care (*see Matter of Andrea V. [James A.]*, 128 AD3d 1077, 1079 [2015]; *Matter of Ebony S. [Earlind G.]*, 123 AD3d 1136, 1137 [2014]; *Matter of Michael U. [Marcus U.]*, 110 AD3d 821, 822 [2013]).

The parties' remaining contentions are without merit or need not be reached in light of our determination.

Accordingly, in view of our findings of abuse and derivative abuse, we remit the matter to the Family Court, Kings County,

for a dispositional hearing and a disposition thereafter. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.