Matter of Mayra C. (Adan C.) (2018 NY Slip Op 05304)





Matter of Mayra C. (Adan C.)


2018 NY Slip Op 05304


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-07335
 (Docket Nos. N-19534-15, N-19535-15, N-19536-15, N-19537-15, N-19538-15)

[*1]In the Matter of Mayra C. (Anonymous). Administration for Children's Services, appellant; Adan C. (Anonymous), respondent-respondent, et al., respondents. (Proceeding No. 1)
In the Matter of Daniela C. (Anonymous). Administration for Children's Services, appellant; Adan C. (Anonymous), respondent-respondent, et al., respondents. (Proceeding No. 2)
In the Matter of Alma R. C. (Anonymous). Administration for Children's Services, appellant; Adan C. (Anonymous), respondent-respondent, et al., respondents. (Proceeding No. 3)
In the Matter of Angel C. (Anonymous). Administration for Children's Services, appellant; Adan C. (Anonymous), respondent-respondent, et al.,
respondents. (Proceeding No. 4)
In the Matter of Alexandra C. (Anonymous). Administration for Children's Services, appellant; Adan C. (Anonymous), respondent-respondent, et al., respondents. (Proceeding No. 5)


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Carolyn Walther of counsel), for appellant.
Rebecca Fort, Brooklyn, NY, for respondent-respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the children Mayra C. and Daniela C.
Tenille M. Tatum-Evans, New York, NY, attorney for the children Alma R. C., Angel C., and Alexandra C.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated July 28, 2017. The order, after a fact-finding hearing, dismissed so much of the petitions as alleged that the respondent Adan C. abused the child Daniela C. and derivatively abused the other subject children.
ORDERED that the appeal from so much of the order as relates to the children Mayra C. and Daniela C. is dismissed as academic, without costs or disbursements, as those children have reached the age of majority; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law and the facts, without costs or disbursements, the petitions relating to the children Alma R. C., Angel C., and Alexandra C. are reinstated insofar as asserted against the respondent Adan C., a finding is made that the respondent Adan C. derivatively abused the children Alma R. C., Angel C., and Alexandra C., and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and the issuance of an order of disposition thereafter on the petitions relating to the children Alma R. C., Angel C., and Alexandra C. insofar as asserted against the respondent Adan C.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the respondent Adan C. (hereinafter the respondent) sexually abused the child Daniela C. and derivatively abused the other four subject children. After a fact-finding hearing, the Family Court dismissed so much of the petitions as alleged that the respondent abused Daniela C. and derivatively abused the other subject children, finding that the petitioner did not establish the allegations of sexual abuse by a preponderance of the evidence. The petitioner appeals.
"At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence" (Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857; see Family Ct Act § 1046[b][i]). "While the credibility findings of a hearing court are accorded deference, this Court is free to make its own credibility assessments and, where proper, make a finding of abuse or neglect based upon the record" (Matter of D.S. [Shaqueina W.], 147 AD3d at 857 [internal quotation marks omitted]).
Here, contrary to the Family Court's determination, the petitioner met its burden of establishing by a preponderance of the evidence that the respondent sexually abused Daniela C. (see id.). Daniela C.'s testimony as to multiple instances of such abuse was sufficient to support a finding of abuse (see id.). The evidence of her out-of-court statements regarding the abuse, made to a counselor, a therapist, a psychiatrist, and an emergency medical technician, were also sufficient to support a finding of abuse, as these statements were corroborated both by Daniela C.'s testimony [*2]and by testimony from one of the other subject children that she once saw the respondent in bed with Daniela C. (see Family Ct Act § 1046[a][vi]; Matter of Anthony G. [Jose G.-G.], 147 AD3d 829, 830; Matter of Nyasia C. [Christine J.-L.], 137 AD3d 781, 782; Matter of Josue M. [Pascaul A.], 101 AD3d 1012, 1013; Matter of Alaysha E. [John R.E.], 94 AD3d 988, 988-989; Matter of Bianca M., 282 AD2d 536, 536-537). Any inconsistencies in Daniela C.'s testimony "did not render her testimony unworthy of belief" (Matter of D.S. [Shaqueina W.], 147 AD3d at 858). The petitioner also established that the other subject children were derivatively abused, as the respondent's abuse of Daniela C. while the other children were asleep in the same room "indicates a fundamental defect in the [respondent's] understanding of the duties of" a person legally responsible for their care (Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997; see Matter of Markeith G. [Deon W.], 152 AD3d 424, 425; Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749; Matter of Alejandra B. [Alejandro A.], 135 AD3d 480, 481; Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1013).
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court