Matter of Jahzir Barbee M. (Racine B.) (2019 NY Slip Op 03050)





Matter of Jahzir Barbee M. (Racine B.)


2019 NY Slip Op 03050


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-11301
2017-11304
 (Docket No. N-5216-17)

[*1]In the Matter of Jahzir Barbee M. (Anonymous). Administration for Children's Services, respondent; Racine B. (Anonymous), appellant.


Joel Borenstein, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Mildred T. Negron, J.), dated September 11, 2017, and (2) an order of disposition of the same court (Connie Gonzalez, J.) dated October 13, 2017. The order of fact-finding, after a hearing, found that the mother neglected the subject child. The order of disposition placed the mother under the supervision of the Administration for Children's Services, and suspended judgment for a period of six months provided that the mother complied with enumerated terms and conditions.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is reversed, on the law, without costs or disbursement, the order of fact-finding is vacated, the petition is denied, and the proceeding is dismissed.
The appellant is the mother of the subject child. The child is speech and language impaired and had an Individualized Education Program (hereinafter IEP) since third grade. When the child was in fifth grade, he was diagnosed as having attention deficit hyperactivity disorder (hereinafter ADHD) and dyslexia. When the child was in sixth grade, he was re-evaluated and was classified as emotionally disturbed. The mother disagreed with the recommendation that the child be placed in a special education class and requested an independent neuropsychological evaluation. In June 2016, the mother revoked her consent to the IEP.
In September 2016, the child transferred to a new school for seventh grade with no IEP in place. In January 2017, the child was diagnosed by a neurologist as having oppositional defiant disorder with ADHD, and the child was prescribed Adderall. The child was re-evaluated by the school in February 2017, and was again classified as emotionally disturbed. The mother consented to the IEP on March 8, 2017.
On March 8, 2017, the petitioner commenced this proceeding against the mother, alleging that she neglected the child by failing to provide him with proper supervision and guardianship. Following a fact-finding hearing, the Family Court issued an order of fact-finding dated September 11, 2017, finding that the mother neglected the child. Following a dispositional hearing, the court issued a dispositional order dated October 13, 2017, placing the mother under the supervision of the Administration for Children's Services, and suspending judgment for a period of six months provided that the mother complied with enumerated terms and conditions.
As relevant here, a "[n]eglected child" is defined as "a child less than eighteen years of age (i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care (A) in supplying the child with adequate . . . education in accordance with the provisions of part one of article sixty-five of the education law, or medical . . . care, though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012[f]).
Family Court Act § 1012(f) governs parental neglect as related to furnishing a child with an adequate education. Here, the petitioner failed to prove, by a preponderance of the evidence, that the mother had not furnished the child with an adequate education under the statute. Neither the mother's refusal to consent to the IEP for the 2016-2017 school year nor her failure to follow up with independent neuropsychological testing of the child constituted educational neglect under the circumstances presented.
Moreover, the petitioner failed to meet its burden of establishing medical neglect by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][A]; 1046[b]). While the evidence adduced at the fact-finding hearing demonstrated that the mother delayed in scheduling an independent neuropsychological evaluation of the child, and that the child missed some doses of Adderall while he was staying at his father's home, the evidence did not rise to the level of establishing a failure to supply the child with adequate medical care or demonstrate a resulting impairment or imminent danger of impairment of the child's physical, mental, or emotional condition (see Matter of Nyasia C. [Christine J.-L.], 137 AD3d 781, 782; Matter of Ariel P. [Lisa W.], 102 AD3d 795, 795-796).
Accordingly, the order of disposition must be reversed, the order of fact-finding vacated, the petition denied, and the proceeding dismissed.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court