Matter of M.W. (Mohammad W.) (2019 NY Slip Op 03603)





Matter of M.W. (Mohammad W.)


2019 NY Slip Op 03603


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-01096
 (Docket Nos. N-23223-14, N-23224-14, N-23225-14)

[*1]In the Matter of M.W. (Anonymous). Administration for Children's Services, petitioner-respondent; Mohammad W. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of H.W. (Anonymous). Administration for Children's Services, petitioner-respondent; Mohammad W. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of M.K.W. (Anonymous). Administration for Children's Services, petitioner-respondent; Mohammad W. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)


Angela Starr, Massapequa Park, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard P. Dearing and Deborah E. Wassel of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), attorney for the child M. W.
Barbara J. Caravello, Jamaica, NY, attorney for the children H. W. and M. K. W.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated December 6, 2017. The order, after a hearing, found that the father abused and neglected the child M. W. and, in effect, that the father derivatively neglected the children H. W. and M. K. W.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10 by filing petitions dated December 5, 2014. ACS alleged, inter alia, that the father neglected the child M. W. and that he derivatively neglected the children H. W. and M. K. W. ACS later amended the petitions to include an allegation [*2]that the father had sexually abused M. W. Following a fact-finding hearing, the Family Court found that the father abused and neglected M. W. and, in effect, that the father derivatively neglected H. W. and M. K.W. The father appeals.
"At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence" (Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857; see Family Ct Act § 1046[b][i]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868).
The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law (see Family Ct Act § 1012[e][iii][A]). Sexual contact is defined under the Penal Law as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00[3]). "[I]ntent to receive sexual gratification may be inferred from the nature of the acts committed and the circumstances in which they occurred" (Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1120 [citation omitted]). A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" in, inter alia, "providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012[f][i][B]; see Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595). "In cases of derivative abuse or neglect, there is no per se rule that the child of a parent who abuses one sibling is automatically a derivatively abused or neglected child" (Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694, 694). "The focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood" (id.). "Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused one child will place his or her other children at substantial risk of harm" (id.).
Here, ACS established by a preponderance of the evidence that the father abused and neglected M. W. and derivatively neglected H. W. and M. K. W. (see Matter of D.S. [Shaqueina W.], 147 AD3d at 857). Contrary to the father's contention, there is no basis in this case not to defer to the Family Court's determination that M. W.'s testimony was credible (see Matter of Oliver A. [Oguis A.-D.], 167 AD3d at 868). As to the abuse allegation, M. W.'s hearing testimony established that the father sexually abused her within the meaning of Family Court Act § 1012(e)(iii)(A) (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 424; Matter of D.S. [Shaqueina W.], 147 AD3d at 857; Matter of Alejandra B. [Alejandro A.], 135 AD3d 480, 480). The father's intent to sexually gratify himself could "be inferred from the nature of the acts committed and the circumstances in which they occurred" (Matter of Shaquan A. [Fan Fan A.], 137 AD3d at 1120). As to the neglect finding, the testimony of several caseworkers established that the father neglected M. W. within the meaning of Family Court Act § 1012(f)(i)(B) by, inter alia, inflicting excessive corporal punishment on her (see Matter of Tarelle J. [Walter J.], 152 AD3d at 595). To the extent that these caseworkers testified to M. W.'s out-of-court statements, those statements were corroborated by one caseworker having personally witnessed marks and scabs on M. W.'s back and by M. W.'s hearing testimony (see Matter of Anthony G. [Jose G.-G.], 147 AD3d 829, 830; Matter of Nyasia C. [Christine J.-L.], 137 AD3d 781, 782; Matter of Joshua J.P. [Alquiber R.], 127 AD3d 1200, 1200; Matter of Josue M. [Pascaul A.], 101 AD3d 1012, 1013). As to derivative neglect of H. W. and M. K. W., the evidence showed that the father committed many of the neglectful acts toward M. W. in the presence of H. W. and M. K. W. and that he did so in a way that permeated their daily lives. Accordingly, the evidence showed that the father had "a fundamental defect in [his] understanding of the duties of parenthood" so as to place H. W. and M. K. W. at "substantial risk of harm" (Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d at 694).
The father's remaining contentions are without merit.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court