Matter of Omnamm L. (Kumar L.) (2019 NY Slip Op 08563)





Matter of Omnamm L. (Kumar L.)


2019 NY Slip Op 08563


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-02850
2019-02851
2019-02852
 (Docket Nos. N-24837-16, N-24838-16, N-24839-16)

[*1]In the Matter of Omnamm L. (Anonymous). Administration for Children's Services, petitioner-respondent; Kumar L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Omshiva L. (Anonymous). Administration for Children's Services, petitioner-respondent; Kumar L. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Omshanti L. (Anonymous). Administration for Children's Services, petitioner-respondent; Kumar L. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)


Richard Cardinale, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Rebecca L. Visgaitis of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Alexander Turbin), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated November 28, 2018, (2) an order of disposition of the same court, also dated November 28, 2018, and (3) an order of protection of the same court, also dated November 28, 2018. The order of fact-finding, insofar as appealed from, after a hearing, found that the father sexually abused and severely/ repeatedly abused the child Omshanti and that he derivatively abused the children Omnamm and Omshiva. The order of disposition, inter alia, released Omnamm and Omshiva to the custody of the mother, placed Omshanti in the custody of the Commissioner of Social Services of the City of New York, and placed the father under the supervision of the Administration for Children's Services. The order of protection directed the father to, inter alia, stay away from the children, their homes, and [*2]their schools for a period of one year.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10 alleging that the father abused, severely or repeatedly abused, and neglected his daughter Omshanti, his daughter Omshiva, and his son Omnamm. At the fact-finding hearing, ACS presented two witnesses. The first witness, a child protective specialist supervisor with ACS, testified about an interview of Omshanti, who recounted years of sexual abuse at the hands of her father. The other witness, a detective with the New York City Police Department, recounted her interrogation of the father, who admitted to having sexual intercourse and oral sex with Omshanti. On the first day of the fact-finding hearing, a Nepali interpreter appeared remotely, using Skype. Over the father's objection to proceeding with a remote interpreter, the fact-finding hearing commenced with the direct examination of ACS's two witnesses. On future hearing dates, more than five months later, cross-examination was conducted with an interpreter present in the courtroom. The Family Court found that the father sexually abused and severely/repeatedly abused Omshanti and that he derivatively abused Omnamm and Omshiva.
"At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence" (Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857; see Family Ct Act § 1046[b][i]). Insofar as relevant here, the Family Court Act defines an "abused child" as a child less than eighteen years old whose parent or other person legally responsible for her care commits an offense against the child defined in article 130 of the Penal Law (Family Ct Act § 1012[e][iii]). In addition to a finding of abuse, the Family Court may also make a finding of severe or repeated abuse, as defined in the Social Services Law, and that finding must be supported by clear and convincing evidence (see Family Ct Act § 1051[e]).
"A child's out-of-court statements may provide the basis for a finding of abuse if the statements are sufficiently corroborated by other evidence tending to support the reliability of the child's statements" (Matter of Anthony G. [Jose G.-G.], 147 AD3d 829, 830; see Family Ct Act § 1046[a][vi]). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (Matter of Anthony G. [Jose G.-G.], 147 AD3d at 830 [internal quotation marks omitted]; see Matter of Nicole V., 71 NY2d 112; Matter of David B. [Stacy T.], 171 AD3d 1041, 1042). Whether corroborative evidence tends to support the reliability of the out-of-court statements is a determination for the Family Court, which saw and heard the witnesses (see Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756; Matter of Maya B. [Muke B.], 156 AD3d 784, 785).
The father's contention that Omshanti's out-of-court statements to an ACS caseworker were not sufficiently corroborated is without merit. That the police interrogated the father without an interpreter does not make his statement inadmissible in the instant proceedings. All of the evidence submitted at the fact-finding hearing indicated that the father spoke English sufficiently to comprehend and answer the detective's questions. Moreover, the law concerning the suppression of evidence and the exclusionary rule is not applicable to a civil proceeding (see Terpstra v Niagra Fire Ins. Co., 26 NY2d 70; Matter of Giavanna M. [Cynthia M.-B.], 133 AD3d 760, 761; Matter of Diane P., 110 AD2d 354).
Contrary to the father's contention, the Family Court did not err in proceeding with the fact-finding hearing on the first day, when the interpreter appeared remotely over Skype. Non-English speaking litigants are entitled to an interpreter at proceedings "to enable them to participate [*3]meaningfully in their trial and assist in their own defense" (Matter of Er-Mei Y., 29 AD3d 1013, 1015; Matter of Ejoel M., 34 AD3d 678, 679 [internal quotation marks omitted]). Here, the procedures utilized by the court allowed the father to meaningfully participate in the hearing (see 22 NYCRR 217.1[a]).
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court