Matter of Amberlyn H. P. (Jose H. C.) (2020 NY Slip Op 05758)





Matter of Amberlyn H. P. (Jose H. C.)


2020 NY Slip Op 05758


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-13017
 (Docket No. N-15195-17)

[*1]In the Matter of Amberlyn H. P. (Anonymous). Administration for Children's Services, respondent; Jose H. C. (Anonymous), appellant.


Lewis S. Calderon, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Cynthia Kao of counsel; Adam Toobin on the brief), for respondent.
Janet E. Sabel, New York, NY (Dawne E. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated October 15, 2019. The order of fact-finding, after a fact-finding hearing, found that the father sexually abused the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In July 2017, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the father had sexually abused the subject child. Following a fact-finding hearing, the Family Court issued an order of fact-finding dated October 15, 2019, in which it found that the father had sexually abused the subject child. The father appeals.
At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Jose E. [Jose M.], 176 AD3d 1201, 1202; Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868). A child's prior out-of-court statements may provide the basis for a finding of abuse, provided that these hearsay statements are corroborated, so as to ensure their reliability (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-119). "Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration"(Family Ct Act § 1046[a][vi]). The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated (see Matter of Nicole V., 71 NY2d at 119; Matter of Alexis S. [Edward S.], 115 AD3d 886, 867).
Here, ACS demonstrated by a preponderance of the evidence that the father sexually [*2]abused the subject child. The testimony of the petitioner's expert witness provided sufficient corroboration to support the reliability of the out-of-court statements of the subject child alleging abuse (see Matter of Tazya B. [Curtis B.], 180 AD3d 1039, 1040; Matter of Kyle D. [Dwayne D.], 138 AD3d 835, 835-836; Matter of Angel R. [Syheid R.], 136 AD3d 1041, 1041). Contrary to the father's contention, the Family Court's credibility determinations are supported by the record, and will not be disturbed on appeal (see Matter of Adebayo J. [Eniola J.], 176 AD3d 1209, 1211; Matter of Nialani T. [Elizabeth B.], 164 AD3d 1245, 1246).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court