Matter of Ashlyn M. (Robert J.) (2024 NY Slip Op 03483)

Matter of Ashlyn M. (Robert J.)

2024 NY Slip Op 03483

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-06550
2023-09213
 (Docket Nos. N-1432-21, N-1435-21)

[*1]In the Matter of Ashlyn M. (Anonymous). Suffolk County Department of Social Services, respondent; Robert J. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Jordan M. (Anonymous). Suffolk County Department of Social Services, respondent; Robert J. (Anonymous), appellant. (Proceeding No. 2.)

Barket Epstein Kearon Aldea & Loturco, LLP, Garden City, NY (Donna Aldea and Matthew Keller of counsel), for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Alex Berkman of counsel), for respondent.
Mary A. Toner, Central Islip, NY, attorney for the child Ashlyn M.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child Jordan M.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated June 23, 2023, and (2) an order of fact-finding and disposition of the same court dated September 11, 2023. The order of fact-finding, after a fact-finding hearing, found that the father abused the child Ashlyn M. and derivatively neglected the child Jordan M. The order of fact-finding and disposition, upon the order of fact-finding and after a dispositional hearing, found that the father abused the child Ashlyn M. and derivatively neglected the child Jordan M., released the subject children to the custody of the nonrespondent mother under the supervision of the petitioner for a period of one year, placed the father under the supervision of the petitioner for a period of one year, and directed the father to comply with certain terms and conditions.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of fact-finding and disposition and is brought up for review on the appeal from the order of fact-finding and disposition (see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 908); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs [*2]or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father sexually abused the child Ashlyn M. and derivatively neglected the child Jordan M. based on the abuse of Ashlyn M. After a fact-finding hearing, the Family Court found that the father sexually abused Ashlyn M. and derivatively neglected Jordan M. Thereafter, the court, following a dispositional hearing, released the children to the custody of the nonrespondent mother under the supervision of the petitioner for a period of one year, placed the father under the supervision of the petitioner for the same period of time, and directed the father to comply with certain terms and conditions, including participation in a sex offender treatment program. The father appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955, citing Family Ct Act § 1046[b][i]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Amberlyn H.P. [Jose H.C.], 187 AD3d 920, 920 [internal quotation marks omitted]). "Where, as here, there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight" (Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176 [internal quotation marks omitted]). Moreover, "[t]he Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law" (Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029, citing Family Ct Act § 1012[e][iii][A]). "Sexual contact is defined under the Penal Law as 'any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party'" (Matter of M.W. [Mohammad W.], 172 AD3d 879, 880, quoting Penal Law § 130.00[3]). "The intent to receive sexual gratification may be inferred from the nature of the acts committed and the circumstances in which they occurred" (Matter of Vered L. [Yoshi S.], 205 AD3d at 1030 [internal quotation marks omitted]).
Here, the Family Court's finding that the father sexually abused Ashlyn M. and derivatively neglected Jordan M. was supported by a preponderance of the evidence (see Matter of Nevaeh L.-B. [Marcus B.], 178 AD3d 706, 707; Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857). Ashlyn M.'s "hearing testimony established that the father sexually abused her within the meaning of Family Court Act § 1012(e)(iii)(A)" (Matter of M.W. [Mohammad W.], 172 AD3d at 881). Based on the totality of the circumstances, the court appropriately inferred the father's intent to gain sexual gratification from his conduct (see Matter of D.S. [Shaqueina W.], 147 AD3d at 858; Matter of Daniel R. [Lucille R.], 70 AD3d 839, 841). Contrary to the father's contention, there is no basis to disturb the court's credibility determinations (see Matter of Abdul R. [Abdul G.], 225 AD3d 881, 882; Matter of Skyli V. [Jamol V.—Shaneka E.], 224 AD3d 913, 915).
Moreover, since the Family Court concluded that it lacked sufficient information to render an informed determination regarding the best interests of the children, it providently exercised its discretion in requiring a dispositional hearing under the circumstances presented (see Family Ct Act § 625[a]; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 184; Matter of Katrina W., 171 AD2d 250, 256-257).
Contrary to the father's contention, the record reflects that his admission to a finding of neglect was expressly conditioned on an agreed-upon disposition, which the Family Court did not accept.
In light of our determination, we need not reach the father's contention regarding the limited scope of the nonrespondent mother's right to participate in these proceedings (see Matter of Eric W. [Tyisha W.], 97 AD3d 833, 834; Matter of Telsa Z. [Rickey Z.—Denise Z.], 71 AD3d 1246, 1250-1251).
The parties' remaining contentions either are unpreserved for appellate review or need not be reached in light of our determination.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court